UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMAHA ROBINSON | § | C.A. NO. |
| | § | |
| VS. | § | |
| | § | |
| OCCIDENTAL PETROLEUM | § | |
| CORPORATION and GULF ISLAND | § | |
| FABRICATORS, INC. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Jamaha Robinson ("Plaintiff"), complaining of Defendants Occidental Petroleum Corporation ("Oxy"), and Gulf Island Fabrication, Inc. ("GIF"), and, for cause of action, would respectfully show this Honorable Court as follows:

### I.  PARTIES

1.1   Plaintiff Jamaha Robinson is a U.S. citizen and resident of Louisiana.

1.2   Defendant Oxy is a Delaware limited liability company with its principal place of business in Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1.3   Defendant GIF is a Louisiana corporation with its principal place of business and corporate headquarters located in Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may

be served with process through its registered agent, Cindi Cook, at 16225 Park Ten Place, Suite 280, Houston, Texas.

## II. JURISDICTION

2.1    This case is brought pursuant to the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, *et seq.*

## III. VENUE

3.1    Venue is proper in this OCSLA action pursuant to 28 U.S.C. §1391 as Defendant resides in this District.

## IV. FACTS

4.1    On or about January 20, 2022, Plaintiff was working for Safezone Safety Systems, L.L.C. as a firewatch on Defendant Oxy's Constitution spar platform offshore in the Gulf of Mexico. At the time of the incident Plaintiff was carrying a water hose, when he tripped over a pipe left in a walkway. On information and belief, the pipe was left obstructing the walkway by Defendant GIF. He was seriously injured when he fell upon tripping ove the pipe.

## V. CAUSE OF ACTION

**A.    NEGLIGENCE**

5.1    As stated above, on or about January 20, 2022, Plaintiff sustained serious and disabling injuries while working on Defendant Oxy's Constitution spar platform.

2

5.2 Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence on the part of the Defendants, their agents, servants and/or employees who were acting in the course and scope of their employment for Defendants at all times material to this cause of action.

5.3 Defendant Oxy is liable for the subject accident and Plaintiff's injuries and resultant damages by reason of its negligence attributable to it, directly and/or vicariously, by and through its agents, representatives and/or employees, in one or more of the following particulars, among others:

    (a) failing to ensure that the premises of the Constitution spar platform was free from unreasonably dangerous hazards;

    (b) failing to properly maintain the platform and/or ensure it was free from defects;

    (c) failing to perform all operations in a safe and work-like manner;

    (d) failing to properly plan, supervise, and coordinate the work that was performed by all contractors on the platform;

    (e) failing to exercise stop work authority; and,

    (f) other acts and omissions that will be shown at the time of trial herein.

5.4 Plaintiff would further show that Defendant Oxy had custody or control of the platform, and was responsible for maintaining the platform in a reasonably safe condition,

free from unreasonably dangerous hazards that would expose the Plaintiff to injury, which it failed to do.

  5.5  Defendant GIF is liable for the subject accident and Plaintiff's injuries and resultant damages by reason of the negligence of its agents, representatives and/or employees, for whom it is vicariously liable, in one or more of the following particulars, among others:

  (a)  failing to properly plan and provide adequate supervision of the work performed by Defendant GIF on the platform;

  (b)  failing to ensure that its employees agents and servants did not create hazardous conditions on the platform that exposed employees of other contractors to unreasonable risk of harm;

  (c)  failing to perform all operations in a safe and work-like manner;

  (d)  failing to take reasonable precautions for Plaintiff's safety;

  (e)  failing to keep the premises of the platform free from unreasonably dangerous obstructions in walking areas;

  (f)  failing to exercise stop work authority; and,

  (g)  other acts and omissions that will be shown at the time of trial herein.

  5.6  As a result of Defendant Oxy's and/or defendant GIF's negligent actions and/or omissions, Plaintiff has been caused to endure considerable pain, suffering, and mental anguish and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustained the monetary and financial loss occasioned by said inability to work. Plaintiff has been prevented from engaging in his usual occupations,

pastimes, and pursuits which he would have engaged in but for the aforementioned injury, and in all reasonable probability will be unable to engage in gainful employment and non-work related activities of daily living in the future, if not for the balance of his life.

5.7     Plaintiff would show that the foregoing acts and omissions of the Defendants, individually or collectively, constitute negligence, which were proximate causes of his injuries and damages complained of herein.

## VI.  DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1     As a result of these occurrences and the negligence of Defendants, Plaintiff sustained severe and permanent injuries to his body.  In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for medical treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2     Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

> (a)     expenses for reasonable and necessary medical treatment actually paid or incurred in the past;
>
> (b)     expenses for medical treatment that in all reasonable probability, Plaintiff will require in the future;
>
> (c)     physical impairment sustained in the past.;
>
> (d)     physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

    (e)    loss or earnings sustained by Plaintiff from the date of injury to time of trial;

    (f)    loss of earning capacity that in all reasonably probability Plaintiff will suffer in the future;

    (g)    physical pain and suffering sustained in the past;

    (h)    physical pain and suffering that, in reasonable probability, Plaintiff will sustain in the future;

    (i)    mental anguish sustained in the past;

    (j)    mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

    (k)    permanent physical disfigurement; and

    (l)    any other damage to which Plaintiff is entitled under applicable law.

## VII.  INTEREST

7.1    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.  JURY DEMAND

8.1    Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays:

(a)    that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b)    that a judgment may be entered in favor of Plaintiff against Defendants jointly and severally for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; attorney's fees; costs of suit; and

(c)     for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

                                       Respectfully submitted,

                                       */s/ Marc E. Kutner*
                                       Marc E. Kutner
                                       SBN 11770575 / SDTX ID 6238
                                       mkutner@spaglaw.com
                                       SPAGNOLETTI LAW FIRM
                                       401 Louisiana Street, 8th Floor
                                       Houston, Texas 77002
                                       Telephone:    713-653-5600
                                       Facsimile:     713-653-5656

                                       ATTORNEY FOR PLAINTIFF